" I would not." This was too trivial to require further notice.

The placing of the jury during the recess of the court in a room where they could look into the jail and see the prisoner playing cards, was apparently an accidental result of keeping them in the sheriff's house. The fact was unknown to the commonwealth or the court until after the trial, and was therefore only available on the motion for a new trial. The learned judge below was of opinion that the evidence on this point did not affect the substantial. interests of the prisoner, and was not of sufficient importance to justify interference with the verdict. In this view we concur. But the action of the sheriff was indiscreet, and such practice might easily lead to abuse. It should therefore be avoided.

The remaining specifications relating to the charge of the judge on the subject of the testimony of the experts and on the admissions by the prisoner, do not require discussion.

The judgment is affirmed and the record remitted to the court of oyer and terminer for the purpose of execution.

---

## Tranter, Appellant, v. Porter.

*Practice, C. P.—Affidavit of defense.*

In an action for money had and received in which plaintiff charged failure to apply properly and the affidavit of defense set up plaintiff's knowledge and authority for what was done, the court below held the affidavit sufficiently responsive to take the case to a jury and the Supreme Court being equally divided affirmed the judgment.

Argued Nov. 5, 1903. Appeal, No. 153, Oct. T., 1903, by plaintiff, from the order of C. P. No. 2, Allegheny County, July T., 1903, No. 708, discharging rule for judgment for want of a sufficient affidavit of defense in case of Henry Tranter v. T. M. Porter and W. R. Porter, trading as Porter & Porter Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit for money had and received.

Plaintiff sued for money had and received, being money

given to defendants to be used in purchase of stock in a projected corporation, with leave to apply part for a contingent fund for expenses of organization, etc., and plaintiff charged that defendants had reported purchase of the stock at $300 a share, whereas the stock reported as purchased was defendant's own and had been issued to them at $200 a share and no contingent fund had been created. The affidavit of defense averred that plaintiff knew the stock was defendants' and that the price was to be $300 which was the cost to defendants with a premium added for expenses, etc., which defendants had paid.

The court held that the affidavit was sufficiently responsive to take the case to the jury and discharged a rule for judgment for want of a sufficient affidavit.

*Error assigned* was the order of the court discharging the rule for judgment.

*J. M. Stoner*, with him *F. R. Stoner*, for appellant.

*Frank W. Smith*, for appellees.

PER CURIAM, November 11, 1903 :

The judges who heard this case being equally divided in opinion, the judgment is affirmed.

---

# Packard *v.* Thiel College, Appellant.

*Equity—Injunction—Preliminary injunction—Removal of college.*

On a bill in equity filed by two citizens of a borough, suing for themselves and others intervening, to restrain the removal of a college from the borough, it appeared that the claimants with certain other citizens of the borough had subscribed for a fund, which with certain land was to be given to the trustees of the college, if the college should be located in the borough. The whole of the fund was subscribed for, but about a quarter of it was never paid. After the subscriptions had been made and turned over to the trustees, the trustees established the permanent location of the college in the borough. The land was conveyed to the trustees. About thirty years afterwards the trustees voted to remove the college to another